

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00409-CV

———————————————

MYRMAC CORPORATION A/K/A MCDONALD'S CORP., Appellant

V.

MICHELLE VANBROCKLIN, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV21-0299

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Myrmac Corporation a/k/a McDonald's Corp. attempts to appeal from a final judgment entered against it following a jury trial. The trial court entered its judgment on the jury's verdict on June 30, 2023. Appellant filed a timely motion for new trial, then it filed its notice of appeal on October 30, 2023.

Generally, a notice of appeal must be filed within thirty days after the date the judgment is signed, but certain post-judgment motions can extend that deadline to ninety days. *See* Tex. R. App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party files . . . a motion for new trial[ or] a motion to modify the judgment[.]"); *see also* Tex. R. Civ. P. 329b (stating that filing a motion for new trial or motion to modify extends the trial court's plenary power). An appellate court may grant an additional fifteen-day extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus, in a typical civil case, a party who wishes to appeal could take as long as 105 days from the date the judgment is signed to file a notice of appeal. *See* Tex. R. App. P. 26.1, 26.3; *Poard v. Webb*, No. 02-22-00262-CV, 2022 WL 3464863, at *1 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (per curiam) (mem. op.); *see also Verburgt*, 959 S.W.2d at 617 (citing Rule 26.3 and holding motion for extension of time is necessarily implied when appellant, acting in good faith, files a document attempting to perfect appeal beyond time allowed by appellate rules but within fifteen-day period in which appellant would be entitled to move to extend filing deadline).

Because Appellant timely filed a motion for new trial, the notice of appeal was due no later than September 28, 2023. *See* Tex. R. App. P. 26.1(a); *see also* Tex. R. Civ. P. 329b(a) ("A motion for new trial . . . shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Appellant did not move to extend that deadline. *See* Tex. R. App. P. 10.5(b)(1)(C), 26.3; *Verburgt*, 959 S.W.2d at 617; *Poard*, 2022 WL 3464863, at *1. Even if it had, however, Appellant could not have extended the notice-of-appeal deadline beyond October 13, 2023. *See* Tex. R. App. P. 26.3. Appellant's October 30, 2023 notice of appeal was therefore untimely.

On October 31, 2023, we notified Appellant that this court was concerned that we did not have jurisdiction over the appeal because the notice of appeal was not timely filed. We warned Appellant that unless it filed a response by November 10, 2023, showing grounds for continuing the appeal, we could dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.

Because Appellant's October 30, 2023 notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: December 7, 2023